313 P.2d 390

Leo W. WEISS and Sylvia Weiss, husband and wife, Appellants,

v.

Ralph SAFFELL and Sam Saffell, copartners, doing business as Saffell's Air Conditioning Company, Appellees.

No. 6142.

Supreme Court of Arizona.

July 9, 1957.

Virginia Hash and Edgar Hash, Phoenix, for appellants.

Abbott H. Goldenkoff and Clark & Coker, Phoenix, for appellees.

UDALL, Chief Justice.

This is an appeal from a judgment entered in favor of plaintiffs-appellees, Ralph and Sam Saffell, copartners, doing business as Saffell's Air Conditioning Company, for furnishing and installing an air-conditioning system in the home of defendants-appellants, Leo Weiss and his wife Sylvia. The parties will hereinafter be designated as they were in the lower court, i. e., plaintiffs and defendants, except where specific parties need be identified.

Plaintiffs' complaint alleged generally the following: that in May 1953 the parties entered into a written contract whereby plaintiffs agreed to furnish and install an air-conditioning system in the home of defendants located in Phoenix, for the sum of $2,675, which amount was subsequently increased by $55.23 through a modification of the agreement, thus raising the price to $2,730.23. It was alleged that plaintiffs performed all of the conditions prescribed in the contract to be performed by them, but that defendants had failed to perform the contract on their part, thereby becoming indebted to plaintiffs in the last named sum. The contract sued upon provided the purchasers (Weiss) would pay interest on all unpaid sums of money, plus an attorney's fee for collection.

By their answer defendants admitted only that they entered into the written contract; they denied all other allegations, including a denial that the original purchase was $2,675 or that it was thereafter increased to $2,730.23 by a modification of the agreement. The affirmative allegation was made by defendants that it was agreed between the parties that the system to be installed was " * * * for the specific purpose of improving the health of defendant's son and that plaintiffs expressly agreed and warranted that the installation of said * * * system * * * would improve the health of said child by warranting and promising to defendants that all dust, pollen, molds and other harmful substances in the air would be completely removed * * *." Defendants then alleged that the system had failed to work properly in any respect and made constant noise, vibrated, and was not effective in hot weather in maintaining "the proper lower temperature" in their house.

Trial was had to the court sitting without a jury. Plaintiff Ralph Saffell and one of the employees testified in behalf of plaintiffs, and defendant Sylvia Weiss was the only witness called by defendants. No findings of fact or conclusions of law were requested or made. Judgment was thereafter entered for plaintiffs for the full amount sued for with interest and costs, plus $250 for attorneys' fees. Motion for new trial having been denied, the judgment was paid in full and thereafter a timely notice of appeal was filed.

In the eight assignments of error and thirteen propositions of law defendants in effect challenge the judgment of the lower court as being erroneous for the following reasons: (a) generally, the judgment was both contrary to law and not supported by the evidence; (b) in the sale of goods there is, by statute, an implied warranty of quality and fitness; (c) the court failed to apply the principles of implied warranty of workmanship under the terms of the contract, i. e., the subject of the contract and the nature of plaintiffs' business would require that the court "write into" the contract such a warranty; (d) the record discloses misrepresentations to appellants of material facts by plaintiffs and their agents; (e) the court did not apply all the terms of the contract, viz., the agreement provided that title to the equipment installed remained in plaintiffs until payment was made, and it was subject to removal by plaintiffs if payments were not made; thus, it is contended, plaintiffs had the duty to remove the equipment and thereby mitigate damages. Defendants conclude the court failed to observe and enforce this portion of the contract. Finally, (f) it is claimed by reason of the court's alleged error in (e) above, the damages awarded were excessive.

In their answering brief plaintiffs suggest there is actually but one real issue presented by this appeal, namely, whether there is reasonable evidence to support the judgment. Our perusal of the record, taking the evidence in a light most favorable to sustaining the judgment, confirms such limitation of issues here. Most of defendants' numerous assignments of error and propositions of law concern matters for which no factual predicates exist.

██ For instance, there is no factual basis in this record upon which to base defendants' claim of breach of an express or an implied warranty on the part of plaintiffs. The evidence shows that defendants had a young son afflicted with a severe case of hay fever and asthma. The child was allergic to many things such as pollen and dust, and the family doctors, specialists in this field, had recommended the installation of a refrigeration unit and an electronic filter in the home for his relief. Also, Mrs. Weiss testified that she had studied the problem and was convinced such an installation would be helpful in relieving this condition. She admitted that she contacted plaintiffs looking toward such a purchase and that one Joe Wyatt of the Saffell firm came to call upon her, and, after she had explained the situation, Wyatt said " * * * he was quite sure that it would give the child the relief that the doctors claimed it would, * * * it will not be any noise and you will be very satisfied and I am sure that Joey would feel better." Later, when plaintiff Ralph

Saffell came to see her, he reportedly said, "* * * It will relieve, because it is a known fact from literature and from anybody who has a system in there who suffers from that gets a relief."

Defendant introduced two exhibits which consisted of General Electric literature indicating that use of its appliances produced "clean, healthful comfort * * *", would "help provide real relief for many respiratory allergy sufferers", "kitten quiet", that its equipment "filters out dirt, dust, pollen" and is "so quiet, so peaceful".

This was the extent of defendants' proof of warranty. Mrs. Weiss did testify that neither the refrigeration or filter units operated properly, that there was unbearable noise, and she was bitterly disappointed with the installation because her son's health did not improve as a result thereof. Defendants called no experts in the air-conditioning field to prove the installations were improperly made or that the equipment furnished was in any way defective.

As against this evidence, or lack of evidence, the plaintiffs established that the refrigeration unit was manufactured by General Electric (the make of the filter unit is not shown). The written contract provides in part:

"Material and fixtures are not guaranteed by the air conditioning contractor nor shall he be responsible for damages after installation. Any warranty or guarantee of air conditioning fixtures or materials are limited to such as are made by the manufacturer of same."

Plaintiff Ralph Saffell and his employee Andres both testified that the units were properly installed and worked satisfactorily when instructions as to method of operation were followed, and this Mrs. Weiss would not do. Because of the numerous complaints of Mrs. Weiss they returned to her home several times, and on one occasion they took an expert out with them, a representative from General Electric, who pronounced the units to be properly installed and in good working order. Furthermore, plaintiffs' witnesses denied that representations were made that the filter would improve the health of the Weiss child.

The trial court was certainly justified on this record in concluding defendants had not established a breach of warranty.

■ Defendants would have us believe it was a requirement of the contract and of law generally that plaintiffs recover possession of the goods to mitigate defendants' damages. There was simply no requirement to this effect in the contract. The contract is clearly one of conditional sale; it merely provided title was to re-

main in the seller who had the right to enter and remove the materials if payments were not made. The law cited by defendants concerning a plaintiff's duty to mitigate damages is not applicable. There is nothing in our statutes or decisions which prohibits a conditional seller, on default of the buyer, from bringing an action for the purchase price, without repossession, treating the contract as executed on his, the seller's, part. See, 78 C.J.S. Sales § 613 a, p. 397. The argument that damages awarded were excessive necessarily fails in view of the above noted state of the law.

There is absolutely no merit to defendants' suggestion that there existed fraud through misrepresentations by plaintiffs and their agents. This defense was not raised in their answer, nor is there any evidence of probative value to support such a claim.

From the record before us we find nothing in the judgment of the learned trial court which is contrary to law, and there is ample evidence to sustain it.

Judgment affirmed.

WINDES, PHELPS, and STRUCKMEYER, JJ., concurring.